UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Joseph Perez,

        Plaintiff

v.

Charles Daniels, et al.,

        Defendants

Case No. 2:21-cv-02061-CDS-MDC

**Order Granting in Part and Denying in Part Defendants' Motion to Dismiss**

[ECF No. 37]

      This is a 42 U.S.C. § 1983 civil rights action brought by pro se plaintiff Joseph Perez. He brings two allegations of deliberate indifference to serious medical needs against defendants Charles Daniels, Calvin Johnson, Brian Williams, Michael Minev, Dr. Bryan, Dr. Rio Manalang, Dr. Augustine, Dr. Wulff,[1] Nurse Arhynard, Nurse A. Buen, Nurse B. Gutierrez, Gordon, Lt. Fowler, and J. Nash (collectively "defendants"). Defendants move to dismiss Perez's Eighth Amendment claims for allegedly providing inadequate medical treatment for his spine dated before November 19, 2019, arguing that the allegations are time-barred. ECF No. 37. Defendants further argue that they are covered by qualified immunity, and finally that the evidence does not support the allegations set forth in the complaint. *Id*. Perez opposes the motion, arguing the complaint sets forth sufficient allegations to survive a motion to dismiss and that defendants' argument that the statute of limitations bars this action is erroneous. ECF No. 45. For the reasons set forth herein, I grant in part and deny in part defendants' motion to dismiss. Further, given the length of time since the parties last engaged in official settlement negotiations, the parties are directed to attend a settlement conference.

---

[1] Defendant Wulff filed a joinder to the motion and related pleadings on November 7, 2023. ECF No. 48.

## I. Legal standard

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab'y Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 545. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## II. Discussion

### A. Defendants' motion to dismiss based on statute of limitations arguments is denied.

Defendants allege that this action is barred by the statute of limitations. ECF No. 37 at 3–4. The applicable statute of limitations in a § 1983 action is the statute of limitations for personal injury actions in the forum state, which, here, is Nevada. *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Nevada provides a two-year statute of limitations for personal injury actions. Nev. Rev. Stat. § 11.190(4)(e). Under federal law, "[a] claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of action." *Fink*, 192 F.3d at 914 (internal citation omitted). Accrual occurs when a plaintiff has a complete and present cause of action, and may therefore file suit to obtain relief. *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d

1044, 1048 (9th Cir. 2008). Thus, in a suit alleging deliberate indifference, the claim accrues when the prisoner "knew or had reason to know of the [prison] employees' deliberate indifference to [the plaintiff's] medical needs." *TwoRivers v. Lewis*, 174 F.3d 987, 992 (9th Cir. 1999). "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). If the complaint is filed after the limitations period has expired, subject to any tolling agreements between the parties, the action is untimely, and the court must dismiss the complaint. *See Seven Arts Filmed Entm't, Ltd. v. Content Media Corp., PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013).

Defendants summarily conclude that, because Perez signed his original complaint on November 15, 2021, his Eighth Amendment claims "based on medical care prior to November 15, [2]019, are barred by the two-year statute of limitations." ECF No. 37 at 4. But defendants fail to analyze how they reached that conclusion. Without any analysis, defendants fail to address when Perez's claims accrued, and further, fail to supply points and authorities in support of the argument. Because defendants fail to provide those points and authorities, their motion to dismiss based on the statute of limitations defense fails to comply with Local Rule 7-2(d), which states that "[t]he failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." LR 7-2(d). As a result, defendants' motion to dismiss the Eighth Amendment allegations based on the statute of limitations is denied.

### B.  Defendants' motion to dismiss for failure to state a claim is denied.

Defendants argue that Perez fails to allege the facts necessary to prevail on an Eighth Amendment claim for deliberate indifference to a serious medical need. ECF No. 37 at 4–8.

A two-part test governs deliberate indifference to medical needs claims under the Eighth Amendment. *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). "First, the plaintiff must show a serious medical need by demonstrating that failure to treat [his] condition could result in

further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant[s'] response to the need was deliberately indifferent." *Id.* (internal quotation marks and citation omitted).

Defendants do not challenge that Perez suffers from serious medical needs, but rather argue that "Perez fails to allege facts showing that [prison officials] knew of and disregarded an excessive risk to Perez's health and safety." ECF No. 37 at 5. Stated otherwise, defendants argue Perez fails to allege that defendants were deliberately indifferent, noting that the allegations show that Perez received treatment; that this claim is just an unactionable difference of opinion between High Desert State Prison (HDSP) medical providers and Perez; and that Perez fails to show personal participation to establish liability for each defendant. ECF No. 37 at 4–11.

"A prison official is deliberately indifferent . . . only if the official 'knows of and disregards an excessive risk to inmate health and safety.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004)). "This requires more than ordinary lack of due care . . . the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (cleaned up). But mere malpractice or "gross negligence" when providing medical care is insufficient to establish a deliberate indifference claim. *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1082 (9th Cir. 2013). And "[a] difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (quoting *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014) (en banc)).

"[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) (citations omitted). Deliberate indifference requires "a purposeful act or failure to respond to a prisoner's pain or possible medical need ...." *Lemire*, 726 F.3d at 1081 (quoting *Jett v. Penner*, 439 F.3d 1091,

1096 (9th Cir. 2006)). Thus, a prison official must have had a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference can be established by showing: (1) "a purposeful act or failure to respond to a prisoner's pain or medical need" and (2) "harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citation omitted); *see Colwell*, 763 F.3d at 1066. Identifying what each defendant did to show deliberate indifference is key because an "isolated exception" to the defendant's "overall treatment" of the prisoner does not state a deliberate indifference claim. *Jett*, 439 F.3d at 1096.

The complaint alleges that while Perez received treatment for various medical conditions, he was denied sufficient treatment and/or timely treatment. Compl., ECF No. 6 at 5–10. Specifically, Perez alleges that Gordon knew Perez had a blood pressure issue and that Perez lacked medication to ameliorate it; knew Perez was experiencing chest pains; knew he had filed an "emergency man down request", and yet refused to pass that request along and then lied to other prison officials—which subjected Perez to additional, significant pain. *See id.* at 7–9. Defendants do not appear to substantively challenge the adequacy of Perez's blood pressure claim but proffer only the argument that it is barred by the two-year statute of limitations—which the court rejected *supra*.

Perez also alleges that, in 2018, he "complained about pain [and] pinching [in the] neck [and] spine area, back, tingling and numbness of leg and muscles" but that a series of delays and inadequate care led to long-term damage. *Id.* at 3. Specifically, Perez alleges that defendants denied him a visit with an orthopedist until four months after the results of an x-ray revealed that his neck had "[p]rominent cervical spondylosis[,]" which defendants did not schedule for him until six months after he began complaining of pain. *Id.* at 6; Spine MRI and x-rays Diagnosis, Pl.'s Ex. A, *id.* at 12–14. Perez then alleges that, in October 2019, five months after his orthopedist visit, an outside specialist found that Perez's cervical spondylosis had deteriorated so significantly that it was miraculous Perez was not paralyzed and referred him on an emergency basis to a spine surgeon, with instructions to avoid certain activities, which

defendants allegedly failed to adequately implement until just a month before his surgery. *Id.* at 5–7; Perez Aff., Pl.'s Ex. B, *id.* at 20–24. While defendants argue that Perez cannot prevail on these allegations because they demonstrate, at most, an unactionable difference in medical opinion and because "a mere delay in providing treatment does not establish deliberate indifference[,]" Perez alleges more than just a mere delay. He alleges that defendants' delay caused his "disc [to be] push[ed] into [his] spinal cord for so long it damaged [his] nerve and muscle system." *Id.* at 5; Perez Aff., Pl.'s Ex. B, *id.* at 23; *cf. Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (prisoner alleging delay of medical treatment evinces deliberate indifference must show delay led to further injury). Moreover, given the outside specialist's alleged opinion of how Perez's condition deteriorated and the severity, it is possible discovery will bear out that this case is not one of a simple difference of medical opinion. For those reasons, I find that Perez has pleaded sufficient factual allegations to plausibly state Eighth Amendment violations at the motion to dismiss stage.

### C. Defendants' motion to dismiss for impermissibly grouping defendants is denied.

Defendants also argue that the complaint should be dismissed because it groups defendants together without showing how any individual defendant violated Perez's right to medical care under the Eighth Amendment. ECF No. 37 at 9. Indeed, "to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). And dismissal is warranted where a plaintiff fails to "say which wrongs were committed by which defendants" even when the plaintiff has "identif[ied] the statutes or constitutional provisions making the conduct wrong." *McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996). Contrary to defendants' argument that they are improperly grouped together, the complaint sets forth the particulars of what each individual defendant allegedly did. For example, the complaint alleges specifically that it was "Dr. Rio" who "on appox. 9-17-18 denied [him] referral to ortho after I explained symptoms[.]" ECF No. 6

at 7. Likewise, Perez alleges that defendant Fowler did not follow up with Perez's medical care, refused to let Perez leave his cell when he was experiencing pain in his chest, amongst other allegations. *Id.* at 8. And the FAC alleges that defendants Nash, Williams, Johnson, and Minev all knew of Perez's serious medical conditions but that they ignored, rejected, or denied his attempts to rectify his lack of treatment by ignoring or denying his requests to properly address his medical needs. *Id.* at 6. Accordingly, the alleged unlawful conduct of each defendant is properly alleged.

### D. Defendants' motion to dismiss for failing to properly allege personal participation is granted.

Defendants also argue that this case should be dismissed for lack of personal participation. ECF No. 37 at 8–11. To be liable under section 1983 when acting under color of state law there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) (rejecting the concept of respondeat superior liability in the section 1983 context and requiring individual liability for the constitutional violation); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (requiring personal participation in the alleged constitutional violations)

Perez's responds that Perez sufficiently alleged personal participation with respect to Drs. Bryan, Wulff, and Rio. I agree, so I deny this motion as it relates to those defendants. I also find that the FAC sets forth sufficient allegations against Dr. Augustine. But I do grant the motion for defendants Daniels, Fowler, Gordon, Johnson, Nash, and Williams because the FAC fails to properly allege personal participation for each. As argued by defendants, those defendants are not medical providers so the FAC fails to set forth sufficient allegations to plausibly show those defendants acts or failures to act caused Perez pain or additional medical need. To the extent that Perez is alleging supervisory liability, the Ninth Circuit has made clear that supervisory liability may be established if the supervisor knows of their subordinates' unconstitutional conduct and fail to act. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). The

FAC fails to properly allege supervisory liability. Instead, the FAC includes conclusions about these defendants, but that is insufficient. A plaintiff must allege facts, not simply conclusions; and those facts must show that the individual sued was personally involved in the alleged deprivation of the plaintiff's civil rights. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998). Accordingly, defendants' motion to dismiss for lack of personal participation is granted for defendants Daniels, Fowler, Gordon, Johnson, Nash, and Williams only. Because it is unclear if amendment would be futile, dismissal is granted without prejudice and with leave to amend.

### C. Defendants' motion to dismiss based on qualified immunity is denied.

Defendants also argue that this action should be dismissed because they are entitled to qualified immunity. ECF No. 37 at 8–12. "Qualified immunity is an affirmative defense that must be raised by a defendant." *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016) (citation omitted). "When, as here, defendants assert qualified immunity in a motion to dismiss under Rule 12(b)(6), dismissal is not appropriate unless [the court] can determine, based on the complaint itself, that qualified immunity applies." *Id.* (citation and internal quotation marks omitted). "Determining whether officials are owed qualified immunity involves two inquiries: (1) whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the officer's conduct violated a constitutional right; and (2) if so, whether the right was clearly established in light of the specific context of the case." *Id.* (citation omitted). "A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (per curiam) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012). In conducting a qualified immunity analysis on a deliberate indifference claim, the court's inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Horton v. City of Santa Maria*, 915 F.3d 592, 600 (9th Cir. 2019) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). "Thus, [a] plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense." *McDaniel v. Diaz*, 2021 WL

147125, at *10 (E.D. Cal. Jan. 15, 2021), report and recommendation adopted, 2021 WL 806346 (E.D. Cal. Mar. 3, 2021) (citing *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004)).

Here, viewing all reasonable inferences in Perez's favor, I cannot determine that qualified immunity applies. As discussed above, Perez has plausibly stated Eighth Amendment violations and it is too early for the court to determine with the information at hand whether defendants' alleged constitutional violations were clearly established right in light of the specifics of this case. *See Kwai Fun Wong v. United States*, 373 F.3d 952, 957 (9th Cir. 2004) ("Determining qualified immunity at the motion to dismiss stage is generally disfavored because it places the Court in the position of deciding constitutional questions on a nonexistent factual record."). Consequently, defendants' motion to dismiss on qualified immunity grounds is denied without prejudice.

### III. Conclusion

IT IS HEREBY ORDERED that the defendants' motion to dismiss **[ECF No. 37] is GRANTED IN PART AND DENIED IN PART.** Defendants' motion to dismiss for failing to allege personal participation against defendants Daniels, Fowler, Gordon, Johnson, Nash, and Williams is granted without prejudice with leave to amend. The motion is denied in all other respects.

IT IS FURTHER ORDERED that if Perez elects to file an amended complaint to cure the deficiencies identified in this order, it must be filed by April 22, 2024 and titled "Second Amended Complaint." Perez may not bring any new claims or add any defendants without filing a motion that complies with Fed. R. Civ. P. 15 and Local Rule 15-1.

This matter is referred to the magistrate judge for a settlement conference. LR 16-5.

Dated: March 31, 2024

_____
Cristina D. Silva
United States District Judge