**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Joseph Perez,

              Plaintiff(s),

vs.

Charles Daniels, *et al*.,

              Defendant(s).

2:21-cv-02061-CDS-MDC

Order

Pending before the Court is *pro se* plaintiff's *Motion to Extend Prison Copy Work Limit*. ECF No. 53. Plaintiff is an incarcerated, indigent individual who seeks to increase his copy work limit. *Id.* The Court grants the motion in part.

**I.**    **Legal Standard**

Inmates do not have a right to free, unlimited photocopying. *Johnson v. Moore*, 684 F.2d 517, 521 (9th Cir. 1991). However, the Ninth Circuit has determined that giving a prisoner access to copies required to file, serve opponents, and maintain a copy of the inmate's records, is reasonable. *Rowell v. Giannoue*, 2010 WL 1856076, at *1 (D. Nev. May 6, 2010) (citing *Gluth v. Kangas*, 951 F.2d 1504, 1510 (9th Cir.1991)  (upholding an injunction requiring the prison to allow a prisoner access to copywork as discussed above). While denying plaintiff's request would not result in plaintiff being unable to further pursue this litigation, it would be "needlessly draconian" to require plaintiff to copy all documents by hand. *Gluth*, 951 F.2d at 1510 (internal citations omitted). Under department of corrections regulation, NDOC AR 722.01(7)(E)(2011), an inmates' max indebtedness for copy work is $100 and that the plaintiff there had reached that limit. *See Vontress v. Nevada*, 2020 WL 917283, at *4 (D. Nev. Feb. 25, 2020) (citing *Rowell*, 2010 WL 1856076, at *1).

**II.**    **Analysis**

Plaintiff argues in his motion that he has reached the $100 limit and that the prison has prohibited him from receiving further legal copy work. ECF No. 53 at 2. Plaintiff argues that he needs

copies of pleadings to serve on the defendants and for his own records. *Id.* Plaintiff does not specify which documents he needs copies of; however, it would likely be untenable for the Court to order the prison to let him print a list of certain documents.

Therefore, the Court will grant the plaintiff's motion to extend his copy work limit in part. The Court denies the motion to the extent that it is not clear how many copies plaintiff needs. This extension is not open-ended. Plaintiff's privileges are limited to copies necessary to amend his complaint, file motions, serve opponents, and maintain a copy for [plaintiff's] records in this litigation alone. Rather than list the documents, however, the Court will extend plaintiff's monetary limit.

The plaintiff's privileges are also limited to an additional $100 in copy work credit. The plaintiff will not be prejudiced because he may renew his motion if he again meets his new $100 limit. If the plaintiff renews his motion, he should specify what documents he needs and how much money he believes it would cost to print such documents.

ACCORDINGLY,

IT IS ORDERED that plaintiff's Motion to Extend Prison Copy Work Limit (ECF No. 53) is GRANTED IN PART. The Nevada Department of Corrections and the High Desert State Prison shall allow plaintiff the copy work necessary, up to an additional $100 beyond his current limit as of the date of this order, <u>for this litigation alone</u>. This may include copies to amend his complaint, file motions, serve opponents, and maintain one copy of his filings for his records.

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2)

failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

DATED this 17th day of June 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge